```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT

UNITED STATES OF AMERICA     :
                             :
                             :
          v.                 :    Case No. 2:21-cr-49-1
                             :
RAPHAEL ORTIZ                :
                             :
     Defendant.              :
```

## OPINION AND ORDER

Defendant has moved for a *Franks* hearing and to suppress evidence obtained by law enforcement following his arrest on May 19, 2021. For the reasons set forth below, Defendant's motion to suppress and request for a *Franks* hearing is **denied**.

## Background

Defendant Raphael Ortiz was arrested by the Vermont State Police in Lyndon, Vermont pursuant to two arrest warrants issued May 11 and 12, 2021 by a Caledonia Superior Court Judge. An affidavit by St. Johnsbury Police Sergeant Lester Cleary supported the May 11, 2021 warrant and stated that Ortiz had robbed Dylan Brink at gunpoint in a parking lot in St. Johnsbury, Vermont on May 7, 2021. ECF-56-1 at 6. A second affidavit by St. Johnsbury Police Officer Robert Gerrish supported the May 12, 2021 arrest warrant and stated that Ortiz had eluded a police officer while driving in a grossly negligent

manner and at an excessive speed on April 17, 2021. ECF-56-1 at 7.

During a search incident to arrest, officers seized a backpack with a combination lock. The FBI obtained a federal search warrant to search the content of Ortiz's backpack and found several containers of suspected drugs. ECF-23. Pursuant to a second warrant to seize and analyze the suspected drugs, ECF-26, the Vermont Forensic Lab confirmed that the containers held approximately 34 grams of cocaine base, 11 grams of flurofentanyl, and smaller amounts of fentanyl and heroin. Ortiz has been charged with possession with the intent to distribute heroin, fentanyl, and cocaine base in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm in violation of § 922(g)(1). ECF-32.

## Discussion

Defendant moves to suppress evidence obtained by law enforcement incident to his arrest on May 19, 2021 and requests a *Franks* hearing on the validity of the two state court warrants issued for his arrest.

Search warrant affidavits are entitled to a rebuttable "presumption of validity," *Franks v. Delaware*, 438 U.S. 154, 171 (1978), that a defendant may overcome by "an offer of proof,"

*id.*, that "(1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause . . . finding." *United States v. Rajaratnam*, 719 F.3d 139, 146 (2d Cir. 2013) (internal citations omitted). "Allegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171. Any allegation of falsehood or omission "must be accompanied by an offer of proof" such as "affidavits or sworn or otherwise reliable statements of witnesses," or a "satisfactor[y]" explanation for the absence of such proof, in order to establish the need for a *Franks* hearing. *Id.*

The purpose of the *Franks* standard is to "protect[] against omissions that are designed to mislead, or that are made in reckless disregard of whether they would mislead, the magistrate." *United States v. Awadallah*, 349 F.3d 42, 68 (2d Cir. 2003). An omission is material to the finding of probable cause if "after . . . correcting material omissions, there remains a residue of independent and lawful information sufficient to support a finding of probable cause." *Rajaratnam*, 719 F.3d at 146 (internal citations and alterations omitted). *Franks* does not require an evidentiary hearing if an affidavit still establishes probable cause when all inaccuracies are

3

cured, and omissions remedied. *Id.; see also Franks*, 438 U.S. at 171–72.

Ortiz has failed to offer sufficient proof that either of the two warrants issued for his arrest were deliberately or recklessly false, or that any of the alleged omissions were material to a finding of probable cause.

An affidavit from Sergeant Lester Cleary supported the warrant for Ortiz's arrest for assault and robbery. ECF-56-1. Sergeant Cleary's affidavit relies in part on information shared by Dylan Brink, the victim of the alleged assault and robbery. ECF-56-1 at 6–13. Defendant argues that Sergeant Cleary omitted material impeaching details about Brink's criminal history and drug purchases from the defendant. ECF-56 at 4. This is not the case. Sergeant Cleary's affidavit elaborated that "Brink stated he had been a drug user and had purchased drugs from Ortiz." ECF-56-1, at 9 ¶ 12. Moreover, as Sergeant Cleary has "made no claim" that he looked into Brink's criminal history, the absence of the informant's criminal history from the affidavit is not a material omission requiring a *Franks* hearing. *See United States v. Zagari*, 111 F.3d 307, 321–22 (2d Cir. 1997).

Defendant also suggests Sergeant Clearly omitted that Brink did not immediately contact the police after the incident and instead drove 45 minutes away to Lyndonville before reporting the alleged assault and robbery. Defendant has offered no proof

4

of this allegation, however, and police call logs and Sergeant Cleary's affidavit support that both Brink and his mother contacted the police within approximately 10 minutes of the alleged assault and robbery. Ex. A, at 6 ¶ 2.

The Court finds Defendant has not met his burden of proof to establish any material intentional or reckless misrepresentation or omission by Sergeant Cleary in his affidavit supporting the arrest warrant for assault and robbery. The Court concludes that Sergeant Cleary's affidavit clearly established probable cause, and the arrest warrant for assault and robbery is valid.

Defendant also challenges the validity of Sergeant Gerrish's affidavit, which established probable cause for the reckless driving arrest warrant through use of information garnered from several witnesses of the Defendant's driving. ECF-56-1 at 6-13. Defendant argues Sergeant Gerrish omitted impeaching information regarding the criminal history and drug use of several of the nongovernment informants referenced in the affidavit. ECF-56 at 5. Defendant has failed, however, to offer any proof that Officer Gerrish knew of the impeaching material or intentionally omitted it from the affidavit. Officer Gerrish also explained in his affidavit that he spoke to one of the informants, Jack C. Granger III, "while he was in custody on a separate matter," ECF-56-2 at 8 ¶ 11, contrary to Defendant's

5

assertion that Officer Gerrish had omitted this detail from his affidavit. ECF-56 at 5. Thus Defendant has not met his burden to offer satisfactory proof of any intentional or reckless misrepresentations or omissions by Officer Gerrish in his affidavit.

Even if the Court were to correct the alleged omissions and set aside the information provided by the four informants whose criminal and drug-use backgrounds were omitted from the affidavit, the remaining information contained in the affidavit supports probable cause for the reckless driving arrest warrant. Officer Gerrish's own observations and the identifying information provided by another nongovernment informant, Mark Savary, whose reliability Defendant has not challenged, was sufficient to support a finding of probable cause. *See Rajaratnam*, 719 F.3d at 146. The Court therefore finds Defendant has not offered sufficient proof to overcome the presumption of the affidavit's validity. *See Franks*, 438 U.S. at 171.

For the reasons set forth above, Defendant's motion to suppress and request for a *Franks* hearing is **denied.**

DATED at Burlington, in the District of Vermont, this 15th day of December, 2022.

                                                /s/ William K. Sessions III
                                                William K. Sessions III
                                                U.S. District Court Judge